UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LARRY SMITH** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-1259** |
| **SGT. DAVID EDWARDS, LT. STEADMAN, MASTER SGT. RALPH BURCH** | **SECTION "S" (4)** |

## ORDER AND REASONS

The plaintiff, Larry Smith, filed a **Motion to Reconsider Order to Issue Summons (Rec. Doc. No. 14)**, in which he seeks re-issuance of summons to two of the defendants in this case. Smith filed this *pro se* and *in forma pauperis* complaint pursuant to Title 42 U.S.C. § 1983 against Sergeant David Edwards, Lieutenant Steadman, and Master Sergeant Ralph Burch seeking relief for their alleged failure to protect him from another inmate at the Washington Correctional Institute ("WCI").[1]

The record reflects that summons were issued to the three defendants as named in the complaint for service by the U.S. Marshal's Service in accordance with Title 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(2).[2] The record contains a service return from the U.S. Marshal's Service

---

[1] Rec. Doc. No. 1.

[2] Rec. Doc. Entry 2. Fed. R. Civ. P. 4(c)(2) provides that the U.S. Marshal's service must be appointed to attempt service when the plaintiff is authorized to proceed in forma pauperis pursuant to Title 28 U.S.C. § 1915.

showing that service was made on Master Sgt. Burch on March 30, 2006.[3] No answer or responsive pleading has been filed by this defendant.

The record also contains an unexecuted return showing that the Marshal was unable to locate Lieutenant Steadman and that service was refused because no first name was provided by the plaintiff.[4] Another unexecuted return is in the record showing that the Marshal was unable to locate Sergeant Edwards and that he is no longer employed at WCI, which is the only service address provided by the plaintiff.[5]

In the instant motion, under a broad reading, Smith is requesting that summons be re-issued to Steadman and Edwards. Smith also suggests in his motion that he had submitted a prior motion seeking re-issuance of the summons which he alleges was denied by this Court and which ruling should now be reconsidered.

Smith has never submitted to this Court a request to re-issue summons to the defendants nor has the Court ruled upon such a motion in this case. Smith's suggestion is wholly without basis in fact or merit.

To the extent he is now seeking re-issuance of the summons to Steadman and Edwards, his request is granted in part and denied in part. Smith has now identified that Lieutenant Steadman's first name is "Richard." The Court will consider his request to have the defendant's name amended to Lieutenant Richard Steadman and summons will be re-issued under that name.

---

[3] Rec. Doc. No. 8.

[4] Rec. Doc. No. 6.

[5] Rec. Doc. No. 7.

Smith also seeks to have summons re-issued to Sergeant Edwards. He has not provided another address for service upon this defendant. The defendant is no longer employed at WCI. To re-issue summons to Edwards at that address would be futile and a waste of resources. His request to do so is denied.

The record reflects that counsel has enrolled on behalf of the defendants, including the two unserved defendants.[6] Smith has not indicated any attempt to obtain an address for Edwards from his counsel of record nor has Smith indicated any attempt to avoid service, costs[7] and other delays by seeking a Waiver of Service pursuant to Fed. R. Civ. P. 4(d).[8] Accordingly,

**IT IS ORDERED** that Smith's **Motion to Reconsider Order to Issue Summons (Rec. Doc. No. 14)** is **DENIED in part** to the extent he seeks reconsideration of an order that does not exist and to the extent he seeks re-issuance of the summons to defendant Sergeant David Edwards.

**IT IS FURTHER ORDERED** that Smith's **Motion to Reconsider Order to Issue Summons (Rec. Doc. No. 14)** is **GRANTED in part** to the extent he seeks to clarify and amend

---

[6] Rec. Doc. No. 10, 11, 12. Counsel's address of record is: Jennifer M. Medley, Louisiana Department of Justice, 601 Poydras St., Suite 1725, New Orleans, LA 70130.

[7] The plaintiff is reminded that pauper status merely defers costs which may later be imposed upon and collected from him.

[8] Fed. R. Civ. P. 4(d)(2)(h) provides in pertinent part (emphasis added) that "***To avoid costs, the plaintiff may notify such a defendant of the commencement of the action and request that the defendant waive service of a summons.***" The notice and request "(A) shall be in writing and shall be addressed directly to the defendant, if an individual, . . .; (B) shall be dispatched through first-class mail or other reliable means; (C) shall be accompanied by a copy of the complaint and shall identify the court in which it has been filed; (D) shall inform the defendant, by means of a text prescribed in an official form promulgated pursuant to Rule 84, of the consequences of compliance and of a failure to comply with the request; (E) shall set forth the date on which the request is sent; (F) shall allow the defendant a reasonable time to return the waiver, which shall be at least 30 days from the date on which the request is sent, or 60 days from that date if the defendant is addressed outside any judicial district of the United States; and (G) shall provide the defendant with an extra copy of the notice and request, as well as a prepaid means of compliance in writing." Rule 4 also indicates that "***If a defendant located within the United States fails to comply with a request for waiver made by a plaintiff located within the United States, the court shall impose the costs subsequently incurred in effecting service on the defendant unless good cause for the failure be shown.***"

the named of the defendant Lieutenant Steadman to the name of Lieutenant Richard Steadman and to the extent he seeks to have summons re-issued to the defendant in that name.

**IT IS FURTHER ORDERED** that the **Clerk of Court** shall **AMEND** the name of the defendant Lieutenant Steadman to the name Lieutenant Richard Steadman.

**IT IS FURTHER ORDERED** that, pursuant to Title 28 U.S.C. § 1915(d), **the Clerk of Court SHALL** cause service of the **summons and a copy of the original complaint <u>and this Order</u>** through the U.S. Marshal's Service on the defendant Lieutenant Richard Steadman at the Washington Correctional Institute, 27628 Highway 21, Angie, Louisiana, 70426-3030.

New Orleans, Louisiana, this ___27th___ day of _____June_____, 2006.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**


**CLERK TO NOTIFY COUNSEL OF RECORD**