UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LARRY SMITH** | **CIVIL ACTION** |
| **VERSUS** | **NO: 06-1259** |
| **SGT. DAVID EDWARDS, LT. STEADMAN, MASTER SGT. RALPH BURCH** | **SECTION: "S"(4)** |

### REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and (2)**. On June 12, 2006, the undersigned held a hearing pursuant to *Spears v. McCotter*,[1] and its progeny, with the plaintiff and counsel for defendants participating by conference telephone call.[2] Upon review of the record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

---

[1] 766 F.2d 179 (5th Cir. 1985). The purpose of the *Spears* Hearing is to ascertain what it is the prisoner alleges to have occurred and the legal basis for the claims. The information elicited at the hearing is in the nature of an amended complaint or a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure. *Wilson v. Barientos*, 926 F.2d 480, 482 (5th Cir. 1991).

[2] Rec. Doc. No. 15. The plaintiff was sworn prior to testifying. The cassette tape of the hearing is being placed in the custody of the Court Recording Unit along with a copy of this Report and Recommendation.

**I.     Factual Background**

   **A.     The Complaint**

The plaintiff, Larry Smith ("Smith"), is an inmate housed in the Washington Correctional Institute ("WCI") in Angie, Louisiana. Smith filed this *pro se* and *in forma pauperis* complaint against Sergeant David Edwards, Lieutenant Steadman, and Master Sergeant Ralph Burch, alleging that these prison officials have endangered his safety. Smith alleges that the defendants allowed inmate Johns, who was known in the prison to be suffering with AIDS, to throw his feces on Smith while he was being escorted from the shower to his cell. Smith seeks to recover monetary damages, termination of the defendants and a transfer to another facility because he fears for his life.

   **B.     The S*pears* Hearing**

Smith testified that, on December 17, 2005, Sergeant Edwards escorted him from the shower area to his cell, Cell 8. At the same time, Master Sergeant Burch opened the wrong cell door for Cell 9. Sergeant Evans had already escorted another inmate, Antonio Johns, to Cell 9. Smith claims that Johns has HIV. He claims to know this because Johns showed him a medical report indicating that he had HIV and tuberculosis.

Smith alleges that, because the door to Johns's cell was opened, Johns was able to come out of his cell and throw feces onto Smith. Smith also testified that he called for help but Master Sergeant Burch told him to stop yelling. Smith alleged that he tried to explain that he had a medical emergency as a result of Johns's actions. He stated that he may have swallowed some of the feces. He was later disciplined because his medical request was not an emergency.

Smith further testified that Lieutenant Steadman took pictures of the feces on him. Smith claims, however, that the prison officials initially concluded that he had placed the feces on the wall. He was charged with aggravated fighting. The charges were later dismissed.

Smith testified that, the day after the incident, he was tested but was negative for the AIDS virus. He was also tested for tuberculosis in April of 2006 and the results were negative.

Smith also stated that Sergeant Edwards was not truthful in the investigation report. He claims that the Sergeant wrote that he saw Johns stick his arm out of the cell and instructed Johns to put his arm back in the cell. Smith stated that he did not know whether Johns was disciplined for his actions. He testified that Lieutenant Steadman was responsible for his mental upset because he did not believe that the incident happened. He also testified that Steadman should be held responsible for the actions of the prison officials under his supervision.

Smith testified that he sued the prison officials because they did not protect him from harm. He also testified that he seeks a transfer to another facility and to have the prison officials fired as a result of this incident.

## II. Standards of Review

Title 28 U.S.C. § 1915A and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle,* 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce,* 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams,* 490 U.S. 319 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy,* 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus,* 976 F.2d 268, 269 (5th Cir. 1992).

**III.   Analysis**

Smith alleges that the officers did not adequately protect him from the unexpected attack by Johns. To establish a failure-to-protect claim under § 1983, Smith must show that he is incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection. *Neals v. Norwood,* 59 F.3d 530, 533 (5th Cir. 1995). In order to act with deliberate indifference, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994).

Smith's allegations suggest that neither he nor the prison officials were aware of the fact that the prison door for Johns's cell was left open or that Johns's planned to throw feces onto Smith.

Consequently, based upon the pleadings and the testimony during the *Spears* hearing, Smith has not alleged deliberate indifference necessary to state a claim for failure-to-protect.

Furthermore, Title 42 U.S.C. § 1997e(e) provides that "no Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The United States Fifth Circuit, in interpreting this provision, has held that the phrase "physical injury" in § 1997e(e) means an injury that is more than *de minimis*, but need not be significant. *Alexander v. Tippah County, Miss.*, 351 F.3d 626 (5th Cir. 2003) (quoting *Harper*, 174 F.3d at 719 (quoting *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (where the Fifth Circuit first set forth its § 1997e(e) definition of physical injury))).

In this case, Smith has not alleged that he sustained a physical injury. He only alleges his upset as a result of having feces thrown on him. Therefore, his claims should be dismissed pursuant to Title 42 U.S.C.§ 1997e(e).

**IV.    Recommendation**

It is therefore **RECOMMENDED** that Larry Smith's 42 U.S.C. § 1983 claims against the defendants, Sergeant David Edwards, Lieutenant Steadman, and Master Sergeant Ralph Burch, be **DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. § 1915(e) and § 1915A and 42 U.S.C. § 1997e(e).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court,

provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this \_\_\_\_9th\_\_\_\_ day of _____November_____, 2006.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**